1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    CARTER CHANG,                            Case No.  24-cv-03230-MMC

          Plaintiff,
9
                                              **ORDER GRANTING DEFENDANT'S**
10       v.                                   **MOTION TO COMPEL ARBITRATION**
                                              **AND STAY PROCEEDINGS;**
11   ZIMA INTERNATIONAL, INC.,                **VACATING HEARING**

12        Defendant.

13

14        Before the Court is defendant Zima International, Inc.'s "Motion to Compel

15   Arbitration and Stay Proceedings," filed June 5, 2024.  In response thereto, plaintiff

16   Carter Chang has filed a "Conditional Non-Opposition," to which defendant has replied.

17   Having read and considered the papers filed in support of and in response to the motion,

18   the Court deems the matter suitable for decision thereon, VACATES the hearing

19   scheduled for July 19, 2024, and rules as follows.

20                                   **BACKGROUND**

21        In his complaint, plaintiff, who formerly worked for defendant as "Head of

22   Operations Strategy & Vertical Integration" (see Compl. ¶ 9), alleges he was entitled,

23   under the terms of a written contract titled "Performance Equity Grant," to receive "50,000

24   Class A common shares" of stock in defendant, but that said defendant breached the

25   contract by not issuing the shares to plaintiff (see Compl. ¶¶ 17, 20, 31).  Based thereon,

26   plaintiff asserts seven causes of action under state law.

27   //

28   //

United States District Court
Northern District of California

**DISCUSSION**

By the instant motion, defendant contends plaintiff's claims are subject to arbitration under the Federal Arbitration Act ("FAA").

The FAA provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

See 9 U.S.C. § 3.  Under the FAA, a district court's role is to determine "if a valid arbitration agreement exists," and, "if so, whether the agreement encompasses the dispute at issue."  See Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092 (9th Cir. 2014).

Here, defendant relies on a document titled "Mutual Dispute Resolution Agreement" ("the Agreement") which provides:

> **Employee and Company agree that Covered Claims shall be subject to arbitration pursuant to [the] Agreement and shall be adjudicated exclusively by binding arbitration, rather than by a judge or jury in court.**  "Covered claims" means any past, present, or future dispute or claim relating to Employee's employment or association with the Company . . . . includ[ing], but not limited to, claims for wages and other compensation [and] breach of contract . . . .

(See Sanchez Gallego Decl. Ex. A at 8 (emphasis in original.)[1]

The Agreement further provides "[a]rbitration is not a mandatory condition of employment," explains that an Employee can "opt out" within "30 calendar days of [such] Employee's receipt of [the] Agreement" by emailing to a specified address a notice that the Employee "wishes to opt out of [the] Agreement," and states that "a failure to timely submit the opt out notice and remaining in the employment of the Company after that date will be deemed an acceptance of the Agreement."  (See id. Ex. A at 10-11.)

---

[1] In citing to the Agreement, i.e., Exhibit A to the Sanchez Gallego Declaration, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

United States District Court
Northern District of California

1    In resolving a motion to compel, the Court first determines whether the parties

2    have "agreed" to "arbitrate their disagreements."  See Davis, 755 F.3d at 1093.  Under

3    California law,[2] the party seeking to compel arbitration bears the "burden of proving the

4    existence of an agreement to arbitrate by a preponderance of the evidence."  See Norcia

5    v. Samsung Telecomm. Am., LLC, 845 F.3d 1279, 1283 (9th Cir. 2017) (internal

6    quotation and citation omitted).

7    In the instant case, defendant has submitted a copy of the Agreement, which

8    document is electronically signed by two representatives of defendant but not signed by

9    plaintiff.  (See Sanchez Gallego Decl. Ex. A at 12.)  Contrary to plaintiff's assertion that

10   defendant "concedes" plaintiff "never agreed" to the terms of the Agreement (see Pl.'s

11   Conditional Non-Opp. at 2:5-6), however, defendant contends plaintiff accepted the terms

12   of the Agreement by his conduct.  In support of its argument, defendant offers evidence,

13   undisputed by plaintiff, that the Agreement was emailed to plaintiff on September 26,

14   2023, that plaintiff "opened" the email the same date, and that, thereafter, plaintiff did not

15   opt out of the Agreement within the time period provided in the Agreement and continued

16   to work for defendant until February 29, 2024.  (See Sanchez Gallego Decl. ¶¶ 8-10, Exs.

17   B, D.)  Under such circumstances, and given the Agreement's above-cited provision

18   stating "a failure to timely submit [an] opt out notice and remaining in the employment of

19   the Company after that date will be deemed an acceptance of the Agreement" (see id.

20   Ex. A at 11), the Court finds plaintiff accepted the terms of the Agreement.  See Pinnacle

21   Museum Tower Ass'n v. Pinnacle Market Development (US), LLC, 55 Cal. 4th 223, 236

22   (2012) (noting "a party's acceptance [of arbitration agreement] may be implied in fact";

23   providing, as example, "employee's continued employment").

24   Next, although courts are generally tasked with the "gateway" issues of

25   arbitrability, including "whether an arbitration clause . . . applies to a given controversy,"

26

27   [2] For purposes of the FAA, in determining whether an agreement to arbitrate
     exists, courts "apply ordinary state law principles that govern contract formation."  See id.
28   at 1094.

3

the parties may agree to delegate such questions to an arbitrator.  See Momot v. Mastro, 652 F.3d 982, 987 (9th Cir. 2011).  Before submitting the question of arbitrability to the arbitrator, however, a court must find "clear and unmistakable evidence" of the parties' intent to delegate, such as "an express agreement to do so."  See id. at 987 (internal quotation and citation omitted).

Here, as defendant notes, the Agreement provides that "the arbitrator shall have the exclusive authority to resolve any dispute relating to the arbitrability of any individual claim."  (See Sanchez Gallego Decl. Ex. A at 9.)  The Court finds such language "constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement."  See Momot, 652 F.3d at 988 (internal quotation and citation omitted).

Accordingly, defendant's motion will be granted.[3]

**CONCLUSION**

For the reasons stated, defendant's motion to compel arbitration is hereby GRANTED, and the instant action is hereby STAYED pending completion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: July 2, 2024

MAXINE M. CHESNEY
United States District Judge

---

[3] In his response to the motion, plaintiff identifies three "conditions" bearing on his willingness to arbitrate his claims.  As defendant has established its entitlement to an order compelling arbitration, plaintiff's implicit request for imposition of conditions is hereby DENIED.  The Court notes, however, that each requested condition appears to be set forth in the Agreement.

United States District Court
Northern District of California